In the Matter of the Estate of ABRAHAM UFLAND, Deceased.

Surrogate's Court, New York County, July 12, 1940.

*Isaac N. & Curtis Jacobson* [*Isaac N. Jacobson* of counsel], for the petitioner.

*Cohen & Cohen*, for the respondent.

*Underhill & Rubinger*, for the trustee.

FOLEY, S. The preliminary motion to dismiss this proceeding to fix attorney's fees for services rendered to the assignee of the beneficiaries is denied. The services were rendered in defending the assignment made to the client. The assignee, as a person interested in the estate, stood in the place of the assignors and was entitled to assert all of their rights. The provisions of section 231-a of the Surrogate's Court Act, which deal with the jurisdiction of the court to fix the compensation of attorneys for persons interested in the estate, amply cover such a situation and confer full power upon the surrogate to make an appropriate determination. (*Matter of Maggio*, 169 Misc. 1039; *Matter of Abruzzo*, 139 id. 559; *Matter of Parsons*, 121 id. 747; affd. on opinion below, 208 App. Div. 769; *Matter of Matheson*, 265 N. Y. 81.)

It is immaterial whether the services were rendered in the Surrogate's Court, in the Supreme Court or in any other court so long as they are devoted to the enforcement of the rights of a person interested in the estate, in that capacity.

The rule as to services rendered in other courts has likewise been applied in the fixation of the fees of an attorney who has recovered assets for the estate or who has rendered services for the executor, administrator or trustee of the estate. (*Matter of Levine*, 247 App. Div. 19; *Matter of Abruzzo, supra.*) The lien of the attorney in every such case is entitled to protection and enforcement in the Surrogate's Court.

Submit intermediate order on notice denying the motion to dismiss accordingly. The proceeding is set for trial on the 29th day of July, 1940, at three-thirty P. M.