In the Matter of B. H. Inness Brown et al., Individually and as Copartners under the Name of Kellogg, Emery and Inness-Brown, et al., Respondents.

John Gerdes et al., as Trustees of Reynolds Investing Company, Inc., Appellants.

Argued February 23, 1943; decided April 22, 1943.

*John Gerdes, Mary-Chase Clark* and *James D. Carpenter, Jr.*, for appellants.

*George Zolotar, John F. Davis, W. Crosby Roper, Jr.,* and *David Ferber* for Securities and Exchange Commission, *amicus curiæ* in support of appellants' position.

*David Paine, Lawrence S. Greenbaum, Theodore S. Jaffin* and *James F. Dwyer* for respondents.

FINCH, J. The question raised by this appeal is whether a State court may fix the fees of attorneys appointed by a Federal court subsequent to the filing of the reorganization petition

of a debtor under chapter VIII (§ 77 B) of the Bankruptcy Act (U. S. Code, tit. 11) to bring suit in a State court upon causes of action constituting assets of the estate of the debtor.

The controversy arose in the course of the administration of the assets of the Reynolds Investing Company, Inc., a debtor, in proceedings then pending under the National Bankruptcy Act in the United States District Court for the District of New Jersey. The reorganization proceeding was commenced under chapter VIII (§ 77B), but was continued under chapter X after that chapter became effective. Petitioners-respondents, hereinafter called the attorneys, were appointed by the Federal court subsequent to the filing of the reorganization petition, to render services in the administration of the estate under the National Bankruptcy Act. The services rendered were in the collection of claims, and were undertaken subject to the provisions of the Bankruptcy Act. The issue is whether the State court in which the suits were brought has jurisdiction to fix the fees of the attorneys in reducing the claim to judgment, or whether exclusive jurisdiction is in the Federal court in bankruptcy which appointed these attorneys and which alone can have adequate knowledge of the assets of the estate on the one hand, and on the other the total of costs, expenses and fees with the resultant proportionate percentage for cost of administration, and which is subject to the elaborate machinery established by the Congress in the Bankruptcy Act for the fixing of allowances.

It is submitted that the Federal court in a reorganization proceeding has exclusive jurisdiction to award fees to attorneys appointed by it in payment of services to the bankrupt estate in the collection of claims in a State court. The Congress has power to make uniform laws upon the subject of bankruptcy. (U. S. Const., art. I, § 8, clause IV.) In the National Bankruptcy Act the Congress has set up a comprehensive system of bankruptcy administration and conferred exclusive jurisdiction upon the Federal courts. Chapter X of the Act (Bankruptcy Act, §§ 111, 114 [U. S. Code, tit. 11, §§ 511, 514]), under which this reorganization is proceeding expressly confers upon the United States District Court " exclusive jurisdiction of the debtor and its property, wherever located." This is re-enforced by the specific provision that State courts shall have no jurisdiction over bankruptcy matters. (Federal Judi-

cial Code, § 256 [U. S. Code, tit. 28, § 371]; see, also, *Gross* v. *Irving Trust Co.,* 289 U. S. 342, *Isaacs* v. *Hobbs Tie & Timber Co.,* 282 U. S. 734, *Thompson* v. *Magnolia Petroleum Co.,* 309 U. S. 478.) Not only does chapter X specifically confer exclusive jurisdiction of the debtor and its property upon the Federal court, but in addition there is specifically given exclusive jurisdiction to determine costs, expenses and reasonable compensation for services rendered in reorganization proceedings (Bankruptcy Act, §§ 62, 241–250 [U. S. Code, tit. 11, §§ 102, 641–650]), and there are set forth numerous meticulous provisions designed to make effective the control of the Federal court over fees and expenses. Allowances under chapter X may be made only after a hearing upon notice to the debtor, the creditors, stockholders, indenture trustees, the Securities and Exchange Commission, and such other persons as the judge may designate (§ 247). No longer are allowances fixed in a hearing confined solely to the attorneys in interest, but under chapter X interested parties enjoy the statutory right to appear and be heard (§ 206 [U. S. Code, tit. 11, § 606]). In addition, attorneys seeking compensation must file a statement under oath showing whether they have acquired or transferred claims against or stock of the debtor after the commencement of the proceeding, and no compensation can be allowed to any attorney who, after assuming to act in that capacity, has purchased or sold claims or stock of the debtor (§ 249). Also an attorney seeking compensation must by affidavit inform the Federal court whether he has made any agreement with any person for a division of his compensation (§ 62). If allowances and fees could be awarded in the State courts, all these elaborate provisions for a notice and hearing to all the parties interested, and prohibition against attorneys dealing in claims against the estate of the debtor could be evaded, and fees in as many State courts as there were assets of the debtor which should be collected therein, would be fixed without regard to the amount of the total expenses and assets as a whole, since the State court is dealing only with particular claims and cannot have adequate knowledge of what will comprise the entire estate as to assets and total costs, expenses and fees. Also, since these attorneys were appointed by the court in this reorganization proceeding and nothing was said as to fees, the

services of the attorneys were undertaken subject to all the provisions of the Bankruptcy Act with respect to the compensation for such services. Any attempted surrender of jurisdiction by the United States Court, even if that were possible, would have to be implied. This court has ruled that there may be no implied surrender of the jurisdiction of the Federal court over a matter arising in the course of a bankruptcy proceeding. (*Palmer* v. *Larchmont Manor Co.*, 284 N. Y. 288.) Under such circumstances, even if no exclusive jurisdiction had been given to the Federal court, the attorneys would in the normal course return to have their compensation fixed by the court by whom their appointment had been made. Where attorneys have been appointed in a reorganization proceeding to deal with an asset belonging to the debtor, it is difficult to see how a provision of the New York Judiciary Law (§ 475) could constitutionally provide for a lien upon these assets. (*Kalb* v. *Feuerstein*, 308 U. S. 433, 439.)

The control provided by the Bankruptcy Act over costs and expenses of administration, particularly including fees and allowances, is an important part of the entire reorganization and bankruptcy system. The system aims to provide maximum protection and relief for embarrassed or insolvent debtors consistent with protection and fairness to creditors and security holders. If the system is to work with satisfaction, there must be a proper balance giving on the one hand fair remuneration to those who administer the system, on the other hand a limitation upon the total cost of administration, so that the Act in operation does not become too expensive. Centralized control over expenses incident to reorganization in bankruptcy to supplant State and Federal equity procedures, so as to reduce the cost of corporate reorganization, was one of the forces making for the enactment of the reorganization and bankruptcy statutes. (*Callaghan* v. *Reconstruction Finance Corp.*, 297 U. S. 464.) The importance of this centralized control over expenses incident to reorganization is seen in the provision of the Act (§ 258 [U. S. Code, tit. 11, § 658]) providing that administration allowances for services rendered in State or Federal court proceedings, later supplanted by a reorganization proceeding, must be determined not in the court supervising the prior proceeding but in the reorganization court. (*Matter of Keystone Realty Holding Co.*, 117 F 2d 1003.)

The Bankruptcy Act and chapter X show congressional intent to treat a reorganization proceeding not as ordinary litigation between private parties, but as involving rights and interests of many members of the general public who are usually unrepresented or inadequately represented in the proceeding. As the Supreme Court of the United States has indicated, these statutory provisions are designed to facilitate the participation of these various interests in matters in which they have a vital concern, and in any event to furnish so far as possible, safeguards for their protection. (*Securities & Exchange Commission* v. *U. S. Realty & Improvement Co.*, 310 U. S. 434.)

If we are correct in holding that the jurisdiction of the Federal court to determine these fees is exclusive, then it would seem clear that no waiver by the Federal court under the circumstances in the case at bar has been attempted. It is unnecessary to consider whether it was within the power of the court to surrender this jurisdiction, since it would appear that both as a matter of law and as a matter of fact the retainer of these attorneys was subject to the condition that the amount of any fees would be fixed by the United States District Court. From first to last the trustees herein have insisted upon their claim that in the case at bar jurisdiction to make allowances to these attorneys did not reside in the State court but resided in the Federal court. The stipulation of July 9, 1941, not only did not constitute a surrender of jurisdiction by the United States District Court, but contained the following specific reservation: " 7. Nothing herein shall constitute a waiver of the rights of petitioners or respondents to question the jurisdiction of the courts of the State of New York, or the United States District Court for the District of New Jersey, with respect to the determination of the existence, nature or extent of respondents' liens and the payment of their fees and disbursements in connection with the aforesaid litigation."

Respondents rely upon the cases of *Sherman* v. *Buckley* (119 F. 2d 280, cert. den., 314 U. S. 657) and *Cup Craft Paper Corp.* v. *Federal Paper Board Co.*, (262 App. Div. 91, appeal dismissed, 288 N. Y. 529). In neither of these cases were the attorneys appointed by the Bankruptcy Court, but they were retained and their services were rendered to the bankrupts and the liens arose, before the bankruptcy. While it is true that in *Sherman* v.

*Buckley* (*supra*) the attorney continued as an attorney of record after the bankruptcy, there is nothing in the record to show that any services were rendered by him after the bankruptcy and before the substitution of attorneys, and no claim was made by him for services after the initiation of the bankruptcy proceeding. In addition, the attorneys in both of these cases were discharged and not permitted to complete the services for which they had been employed under a single contract of contingent retainer, whereas the attorneys herein were permitted fully to perform the services for which they were appointed, namely to reduce the claims to judgment. Also in the *Sherman* and *Cup Craft* cases the claims for services were provable as debts of the bankrupt and were not within the statutory provisions regulating allowances for services in the administration of a reorganization or bankruptcy estate. As already noted, in the case at bar the attorneys were appointed by the court pending the reorganization proceeding to perform services as agents and appointees of the court. The allowances for the attorneys were administration expenses covered by the allowance provisions of the Bankruptcy Act.

It follows that the orders appealed from should be reversed and the proceeding dismissed without costs.

RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J., LOUGHRAN and CONWAY, JJ., dissent (see *Sherman* v. *Buckley*, 119 F. 2d 280; certiorari denied, 314 U. S. 657).

Orders reversed, etc.