**In re Loretta THOROGOOD, Debtor.**

**Bankruptcy No. 880–04952–18.**

United States Bankruptcy Court,
E. D. New York.

Aug. 31, 1982.

---

Miller & Rosenblum, West Islip, N. Y., for debtor.

Norman Mendelson, Carle Place, N. Y., for Sanders & Mandel.

Hayt, Hayt & Landau, Great Neck, N. Y., for St. John's Smithtown Hosp.

Kenneth Kirschenbaum, Garden City, N. Y., trustee.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

This case presents two issues: (1) whether certain liens of secured creditors take priority over the debtor's claimed exemption of the proceeds of a personal injury action; and (2) whether the trustee is entitled to compensation.

Debtor, Loretta Thorogood, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 20, 1980. The only property of the estate was $15,000 recovered by the debtor in settlement of a personal injury action commenced in the Supreme Court of the State of New York, County of Suffolk, against Oasis Diner. Subsequent to the filing of the bankruptcy petition, the debtor amended her schedules to claim an exemption of the proceeds of settlement in the amount of $7,500 or the excess remaining after payment to the secured creditors and the trustee commissions pursuant to 11 U.S.C. § 522(d)(11)(D).

St. John's Smithtown Hospital, having rendered medical services to the debtor following her accident in the aforementioned diner, filed a hospital's lien on the entire settlement proceeds pursuant to § 189 of the New York State Lien Law. The firm of Sanders & Mandel, Esqs., which represented the debtor in her personal injury action, filed an attorney's lien on the same proceeds under § 475 of the New York State Judiciary Law.

The trustee commenced an adversary proceeding on October 30, 1980, to determine the validity and priority of the secured creditors' liens. Subsequently, a stipulation was entered into by the attorneys for the respective parties wherein St. John's Smithtown Hospital was to receive the sum of $7,500 in satisfaction of its $24,420.74 claim and the firm of Sanders & Mandel was to receive the sum of $5,540.30 in satisfaction of its claim in that amount.

On July 28, 1981, this court ordered distribution in accordance with the said agreement. However, when the court reviewed the trustee's Supplemental Final Report dated October 27, 1981, it became evident that the scope of the agreement extended beyond creditor distributions to encompass the trustee's fees and pro se attorney compensation. The Trustee's Supplemental Report provides in part:

Pursuant to agreement between those creditors and the trustee, the trustee was permitted to retain the sum of $1,430.00. The understanding between the trustee and the aforesaid creditors was that the trustee would apply for a commission and a pro se attorney's fee in that amount.

The agreement failed to state the rights, if any, of the debtor to an exemption and attempted to award attorney fees without court approval. On April 19, 1982, this court ordered that a hearing be held to determine the propriety of both the agreement and the resulting distribution.

## I. DEBTOR COULD NOT DEFEAT STATUTORY LIENS BY FILING AN EXEMPTION

The Bankruptcy Code allows a debtor to avoid the fixing of a *judicial* lien on exempt property. Section 522(f) provides:

Notwithstanding any waiver of exemption, the debtor may avoid the fixing of a lien on an interest of the debtor in the property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is a (1) judicial lien.

The Code defines judicial lien as a "lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. § 101(27).

On the other hand, a *statutory* lien is a lien "arising solely by force of statute on

specified circumstances or conditions . . . but does not include security interest or judicial lien . . ." 11 U.S.C. § 101(38). Section 522(f) does not permit a debtor to avoid the fixing of a statutory lien on exempt property. Moreover, a trustee may avoid only those statutory liens enumerated in § 545 of the Code. None of the enumerated exceptions are applicable in the present case.[1]

New York State Judiciary Law § 475 provides "[f]rom the commencement of an action . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor . . . ." The language of § 475 has been interpreted to encompass settlements such as the aforementioned personal injury stipulation. *In re Levine's Estate*, 154 Misc. 700, 278 N.Y.S. 36 (1935), *aff'd.*, 247 A.D. 19, 286 N.Y.S. 513. The theory underlying § 475 is that since an attorney has expended his skill and labor to obtain the judgment, he is entitled to a lien thereon for his compensation. *Williams v. Ingersall*, 89 N.Y. 508 (1882).

■ It is clear that under New York law an attorney's lien arises not upon agreement or judicial action, but rather automatically by force of statute and hence is statutory. "The attorneys' liens as thus developed in New York are not mere regulations of practice of its courts. They are substantive rights which the federal courts recognize and enforce, and it is settled that they are not displaced or invalidated by the bankruptcy of the client." *Application of* *Kellogg*, Sup., 33 N.Y.S.2d 949, *aff'd.*, 264 A.D. 852, 36 N.Y.S.2d 420, *rev'd on other grounds*, 290 N.Y. 468, 49 N.E.2d 718, *aff'd.*, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659 (1949). Since New York attorneys' liens are statutory liens not subject to avoidance under Code § 545 and since under Code § 522(f) statutory liens cannot be defeated by claimed exemptions, Sanders & Mandel properly received distribution in the amount of $5,540.30.

New York State Lien Law § 189 provides in part:

> Every corporation incorporated under general law or special act as a charitable institution maintaining a hospital in the state supported in whole or in part by charity, and every county, city, town or village operating and maintaining a hospital shall to the extent herein provided have a lien upon any and all rights of action, suits, claims, counterclaims or demands, of any nature whatsoever, of any person receiving emergency treatment or admitted to any such hospital and receiving treatment, care and maintenance therein, on account of any personal injuries received within a period of one week prior to receiving emergency treatment or admission to the hospital . . . .

Section 189(2)(a)(ii) specifically permits the hospital lien to attach to settlement proceeds of personal injury actions.

Since under New York law, a hospital lien of the type here in question is statutory, *see In re Walton's Estate*, 20 A.D.2d 386, 247 N.Y.S.2d 21 (1964), it cannot be avoided under §§ 522(f) or 545 of the Code. Accordingly, St. John's Smithtown Hospital is

---

1. § 545. Statutory liens.

The trustee may avoid the fixing of a *statutory* lien on property of the debtor to the extent that such lien—

  (1) first becomes effective against the debtor—

    (A) when a case under this title concerning the debtor is commenced;

    (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;

    (C) when a custodian is appointed or takes possession;

    (D) when the debtor becomes insolvent;

    (E) when the debtor's financial condition failed to meet a specified standard; or

    (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;

  (2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;

  (3) is for rent; or

  (4) is a lien of distress for rent.

entitled to the sum of $7,500 received in satisfaction of its claim.

## II. TRUSTEE FAILED TO COMPLY WITH BANKRUPTCY RULE 403

Under Bankruptcy Rule 403(b), the trustee is required to promptly,

examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowed .... If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

The trustee in this case wantonly ignored these prerequisites in failing to report the claimed exemptions to this court and proceeding as if no exemption had been claimed. The fact that in retrospect the distributions that were made turned out to be substantively proper does not justify the trustee's behavior in disregarding the procedural dictates of the Bankruptcy Rules.

## III. TRUSTEE EXCEEDED HIS AUTHORITY IN SETTING HIS OWN COMPENSATION AS PART OF THE SETTLEMENT AGREEMENT WITH THE SECURED CREDITORS

The power to award reasonable compensation and reimbursement for expenses to a trustee and his attorney lies clearly with the judiciary and not the parties. 11 U.S.C. 330(a). The Advisory Committee Notes to Rule 219 provide, "(t)he premise for including the allowance of compensation to officers, attorneys and accountants is that it is peculiarly a judicial responsibility to supervise the administration of estates and in particular to assure that allowances for compensation to those rendering services in connection therewith are fair but not excessive." Reasonable compensation for a particular service to the debtor's estate is to be determined by the court acting in exercise of its sound discretion subject to statutory maximum ceilings. *See Texas Bank & Trust Co. v. Crippen*, 235 F.2d 472 (5th Cir. 1956).

These fundamental precepts make it clear that a trustee is not authorized to contract with the debtor or other interested parties for his compensation, and hence any such agreement is nonbinding on the Bankruptcy Court. *Carter v. Woods*, 433 F.Supp. 291 (W.D.Mo.1977). Since the agreement here in question attempted to set the trustee's fees and pro se attorney compensation, it is in flagrant violation of the Bankruptcy Rules.

The duties of a trustee to abide by the Bankruptcy Rules and not to exceed the bounds of his authority are inherent in the office of the trustee. Breach of these fiduciary duties clearly warrants denial of compensation.

Accordingly, the court finds that compensation to the trustee in his capacity as trustee and as his own counsel is hereby denied. The trustee is entitled to recover only the initial deposit made with the clerk of the court as part of the filing fee plus reimbursement for actual, necessary expenses. Any sum remaining in the estate after distribution to secured creditors and the trustee shall constitute exempt property under 11 U.S.C. § 522(d)(11)(D).