**In re Jeffrey L. STEELE, Debtor.**

**Leandra WALKER, Trustee, Plaintiff,**

**v.**

**Jeffrey L. STEELE, Defendant.**

**Bankruptcy No. 5–81–00226.**
**Adv. No. 5–82–0005.**

United States Bankruptcy Court,
W.D. Kentucky.

Sept. 27, 1982.

234

Jeffrey L. Steele, pro se.

## ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter came before the Court on trustee's complaint for the debtor to surrender monetary assets totaling $311.93 and for monetary assets equivalent to four days' wages. On July 14, 1982, a order was entered giving the trustee a judgment for the balance due and owing of $11.93 representing the assets remaining unsatisfied pursuant to the trustee's complaint.

This matter came before the Court on September 22, 1982, for a report from the trustee as to whether the judgment had been satisfied and a recommendation. The trustee reported that the sum of $11.93 was still unpaid and recommended dismissal of the petition pursuant to 11 U.S.C. § 521. A review of the file indicates the following facts: (1) the debtor filed a pro se petition seeking Chapter 7 relief on July 10, 1981; (2) the petition discloses approximately $3500.00 of unsecured debts, mostly of a medical nature; and (3) tangible personal property valued at $400.00 was properly pled and allowed as exempt under the applicable state statutes.

Thereafter, the trustee initiated this adversary proceeding demanding surrender of intangible personal property valued at $311.93. This property, unlisted in the petition and later discovered by the trustee, was never pled exempt. The debtor thereafter paid $300.00 to the trustee in partial satisfaction, but defaulted in remitting the

$11.93 balance, the sum now forming the basis of the trustee's recommendation to dismiss.

It is admitted by the trustee that in the instant case the total sums upon which the trustee instituted the complaint would have been exempt under KRS 427.160; however, since this was filed as a pro se petition the debtor was apparently not aware of this provision, or in any event did not avail himself of this statutory exemption.

At issue is whether the debtor's conduct amounts to substantial compliance of the judgment and accordingly a discharge should be granted, or whether the trustee's recommendation of dismissal for failure to satisfy the judgment in full should be sustained. For the reasons hereinafter set forth, it is the opinion of this Court that there has been substantial compliance with the judgment entered; that the judgment is deemed satisfied in full; and that the recommendation of dismissal by the trustee be overruled.

Pro se petitions and actions thereon should be accorded every latitude to assure that the substantive rights of such petitioners are not compromised in procedural niceties.

The trustee serves as an officer of the court, whose primary responsibility is to assist and promote the administration of the bankrupt estate. As such the trustee serves in a fiduciary capacity.

Embodied in the Code are certain powers vested in the trustee which enable him to perform the responsibilities necessary to (1) administer the estate; (2) protect the rights of creditors; and (3) invoke the court's jurisdiction and authority to process all issues.

Thus, the trustee in the performance of his duties serves three masters: (1) the court, in performing the estate administration; (2) the creditors, by recognition and appropriate action to their respective rights, and (3) the debtor, to the extent of setting aside exempt property and in certain other explicit areas. At no time does the trustee perform as a self-serving party

unto himself for personal or pecuniary gain. Only after faithfully performing the trustee's responsibilities and in a remote, ancillary way is consideration given to trustee compensation.

■ The trustee is to serve in a totally objective posture. At no time must this clear and concise "line in the sand" be violated. At any time the trustee's pecuniary gain is at the sole expense of a party in interest to the estate, an unequivocal conflict of interest arises.

■ Here a monetary asset is available but unclaimed as exempt by the debtor. An adversary proceeding instituted by a trustee for the sole purpose of compensating the trustee with no dividends to the unsecured creditors, at the expense of the debtor for failure to plead same exempt, strains the trustee's objective status to the maximum. In such a situation the trustee adopts a truly personal adversary role to the detriment of the debtor. Further, it focuses a tarnished light on the spirit and intent of the debtor's fresh start and rehabilitation. Where the interest to be served places the trustee and debtor on a collision course, clearly the trustee must yield. To hold otherwise would cause the Court to be blinded by the glare of reality.

Where demand is made of the debtor to surrender assets, which through omission or neglect were not pled exempt, for the sole purpose of compensation to the trustee, and at the risk of a dismissal of the petition for failure to comply, the trustee is neither disinterested nor objective. The mantle of the Court will not be used to sanction such self-promotion. Neither the means nor the end are thus served. The trustee must be scrupulously impartial, not manipulatively clever. It must be noted that in this case the only benefit to be enjoyed by any party to this action will be the monetary gain to the trustee as a result of the recovery in a pro se petition of assets that were exempta-

ble, and that no creditor will share to any extent in any of the proceeds now in the hands of the trustee.[1]

■ The entire spirit of the Code is to establish a "fresh start" for the debtor and to utilize the equitable and legal power of the Court to achieve this ultimate end. It is apparent that the debtor has substantially complied with the judgment previously entered, and that the trustee's recommendation for dismissal should be overruled.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the judgment shall be deemed satisfied in full, and the trustee's complaint be and is dismissed as satisfied.

A copy of this order is mailed to Jeffrey Steele, debtor; and to Leandra Walker, trustee.

---

1. Of the $300.00 received, the trustee has applied for compensation as follows:

| | |
|---|---|
| $ 45.00 | Commission |
| 12.80 | Travel |
| 225.00 | Clerical and Stenographic |
| 1.80 | Postage |
| 10.40 | Lunches |
| 60.00 | Filing Fee for Adversary Proceeding |
| Total applied for | $355.00 |
| Total Receipts | 300.00 |