In re John D. TERRITO, Debtor.

Robert W. TAUBER, Trustee in Bankruptcy, and Ford Motor Credit Company, Intervenor, Plaintiffs,

v.

CHELLI & BUSH, P.C., Defendants.

Bankruptcy No. 182–12033–260.
Adv. No. 183–0134.

United States Bankruptcy Court,
E.D. New York.

Dec. 28, 1983.

**344**

Rood, Schwartz, Cohen & Ruderman, White Plains, N.Y., by David Tillem, Jackson Heights, N.Y., for Ford Motor Credit Co.

Charles R. Tropp, Staten Island, N.Y., for debtor.

Robert W. Tauber, Brooklyn, N.Y., Trustee.

Raymond J. Aab, New York City, for Chelli & Bush, P.C.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

This matter is before the court on a complaint by the Trustee in bankruptcy, Robert W. Tauber, to set aside an alleged preferential transfer from the debtor, John D. Territo, to his attorneys, Chelli & Bush, in a matter unrelated to this bankruptcy proceeding. The nature of the transfer was compensation for services rendered in a state court negligence action. The court has permitted the Ford Motor Credit Company, a creditor of the debtor, to intervene as a party in interest on behalf of the Trustee pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## I

### FACTS

The facts of this case are not in dispute.

On or about May 19, 1979 the debtor retained the law firm of Chelli & Bush to represent him in prosecuting his claim for personal injury and property damage in connection with an auto accident. A retainer agreement providing that the fee received by Chelli & Bush would be a contingency fee equal to one-third of the amount recovered from the negligence ac-

tion was executed and properly filed with the appropriate officer of the state court. On or about August 2, 1982, the negligence action was settled for the sum of $25,000. Accordingly, Chelli & Bush received its one-third contingency fee plus reimbursement of its actual out-of-pocket expenses, which amounted to $10,030. On August 9, 1982, within 90 days of the settlement and payment to Chelli & Bush, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

Ford, the intervenor, does not dispute the fact that Chelli & Bush is a secured creditor with a valid statutory lien under New York State law on that portion of the settlement proceeds equal to the amount of its contracted fee. Ford concedes, as well, that Chelli & Bush is entitled to some fee, perhaps even their full fee. It contends, however, that a statutory lien of this sort is measured by the value of the particular services and the reasonableness of the disbursements and it is therefore, necessary for the bankruptcy court to determine the value of the services rendered by Chelli & Bush and to allow compensation only for those that are in fact reasonable.

## II

### ISSUES

Thus, the issue Ford asks this Court to address, though not specifically raised in the pleadings, is whether the Bankruptcy Court has the right or power to measure the *quantum meruit* of an undisputed and fully executed statutory lien. Further, the court must address the issue of whether the payment to Chelli & Bush was an avoidable preference pursuant to 11 U.S.C. Section 547.

## III

### DISCUSSION

*Reasonableness of Fees*

■ The legislative history of the Bankruptcy Code indicates that a statutory lien is one that arises automatically. S.Rep. No. 989, 95th Cong., 2nd Sess. 27 (1978);

H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. 11 U.S.C. Section 101(38) further defines a statutory lien as "arising solely by force of a statute..." It is also clear under New York law that "an attorneys' lien arises not upon agreement or judicial action but rather automatically by force of statute and hence is statutory." *In re Thorogood,* 22 B.R. 725, 727 (Bkrtcy.S.D.N.Y.1982). *Rev'd on other grounds,* 82 Civ. 2808 (E.D.N.Y. Dec. 8, 1983). The specific New York statute that gives rise to the subject lien is Judiciary Law section 475 which provides that "from the commencement of an action ... the attorney who appears for a party has a lien upon his client's cause of action, claim, counterclaim, which attaches to a verdict, report, determination, decision, judgment, or final order in his client's favor." Therefore, in the instant case, Chelli & Bush from the date they were retained to represent the debtor, had a lien on the final settlement of the debtor's cause of action.

■■■ Although an attorneys' lien is statutory, 11 U.S.C. Section 545 allows the Trustee to avoid the fixing of certain statutory liens on the debtor's property.[1] The statutory lien created by the retainer agreement between the debtor and his attorneys does not fit any of the four classes of avoidable liens enumerated in section 545. It was filed and perfected prior to the Chapter 7 filing by the debtor. Where the lien created by law is so perfected, such lien remains valid. 4 *Collier on Bankruptcy,* Para. 545.01(3) (15th ed.). This has specifically been held applicable to an attorney's lien. *Matter of Innkeepers of New Castle, Inc.,* 671 F.2d 221, 230 (7th Cir.1982).

■■■ Notwithstanding the fact that state law as well as bankruptcy law have determined the validity of a lien arising from an attorney's retainer agreement, can a bankruptcy court nevertheless review the reasonableness of this payment? The answer to that question seems to be yes, but only where the fee has not been precisely established in the attorney's retainer agreement with the debtor. *In re Land Investors,* 544 F.2d 925 (7th Cir.1976).

Section 545 provides that the Bankruptcy Code defers to the local policy expressed in applicable state statutes. 4 *Collier on Bankruptcy,* Para. 545.01(3) (15th ed.). In the instant case a contingency fee of one-third of the debtor's recovery plus disbursements was expressly provided in the retainer agreement, an amount deemed reasonable under New York State law. A New York Appellate Court rule states that "any claim or action for personal injury ... that is equal or less than that contained in any schedule of fees adopted by this Department is deemed to be fair and reasonable." McKinney's New York Court Rules 601.-7(3)(1) Sup.Ct.App.Div., 1st Dept. (1982). Schedule B of this rule defines a reasonable fee as "a percentage not exceeding 33⅓ of the sums received." It further states that "such percentage be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for ... services properly chargeable to the enforcement of the claim or prosecution of the action." Chelli & Bush executed and filed a retainer agreement providing

---

1. 11 U.S.C. Section 545 states:
 Statutory Liens. The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
 (1) first becomes effective against the debtor—
 (A) when a case under this title concerning the debtor is commenced;
 (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;
 (C) when a custodian is appointed or takes possession;
 (D) when the debtor becomes insolvent;
 (E) when the debtor's financial condition fails to meet a specified standard; or
 (F) at the time of tan execution against the property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
 (2) is not perfected or enforceable on the date of filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchase exists;
 (3) is for rent; or
 (4) is a lien of distress for rent.

that the fee to be received by them from the debtor would be a contingency fee equal to ⅓ of the amount received from the negligence action, which was settled for $25,000. Thereafter, Chelli & Bush received its ⅓ contingency fee plus reimbursement of its actual out-of-pocket expenses, which amounted to $10,030. By definition this amount must be deemed reasonable, thereby depriving the Bankruptcy Court of any authority to examine the *quantum meruit* of that fee.

*Preference*

 A transfer of property by the debtor can nevertheless be avoided by the trustee as a preference pursuant to 11 U.S.C. Section 545 if it is made within 90 days before the date of the filing of the petition. Although the debtor filed a Chapter 7 petition within 90 days of the settlement and payment to Chelli & Bush that fee is unavoidable. Section 547 unambiguously states that the trustee may not avoid as a preferential transfer "the fixing of a statutory lien that is not avoidable under section 545 of this title."

### IV

### CONCLUSION

There is no basis for review by the Bankruptcy Court of the reasonableness of a fee arrangement pursuant to a valid statutory lien on a debtor's property which is filed and perfected prior to the debtor's Chapter 7 filing and which is deemed fair and reasonable under applicable state law. To hold otherwise would interfere with an obvious and important public policy underlying this State's scheme of compensation for attorneys who prosecute negligence actions. Attorneys are encouraged under this system to accept such cases with a guarantee that if successful they will receive just compensation. Admittedly, that compensation may sometimes appear large in relation to the amount of time and effort expended. What is not often apparent, however, is that such attorneys often receive little or no compensation whatsoever when they fail to successfully prosecute a claim. In the end the equities balance each other and the

policy of giving each plaintiff a "day in court" is promoted. This court will not now jeopardize that system by reviewing the reasonableness of the subject fee. *See, In re Knudsen Bros. Dairy, Inc.,* 24 B.R. 418 (Bkrtcy.Ct.1982).

Furthermore, the court finds for the reasons stated above, that the payment to Chelli & Bush was not a preferential transfer within the meaning of 11 U.S.C. Section 547 and cannot be avoided on that basis.

Therefore, IT IS ORDERED AND ADJUDGED that that portion of the plaintiff's complaint against the defendants alleging that the money received by Chelli & Bush constitutes a preferential transfer is dismissed.