In re Frederick A. REDMAN, Debtor.

Bankruptcy No. 84–00278.

United States Bankruptcy Court,
D. Hawaii.

Sept. 18, 1986.

Erik Zen, Honolulu, Hawaii, for debtor.

## MEMORANDUM DECISION AND ORDER RE: APPLICATION FOR APPROVAL OF AGREEMENT BETWEEN TRUSTEE AND DEBTOR

JON J. CHINEN, Bankruptcy Judge.

On April 29, 1986, the Trustee, Joseph S.Y. Hu, filed an Application for Approval of Agreement Between Trustee and Debtor. In the Application, the Trustee seeks approval of an agreement between Trustee and Debtor whereby, in consideration for the Trustee's forbearance of any opposition to the Debtor's Motion to Dismiss, the Debtor would pay to the Trustee his hourly charges and costs, or $1,981.25 and $86.22 respectively.

## BACKGROUND

On June 15, 1984, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On November 14, 1984, the Debtor filed a Motion to Dismiss the petition. This court granted the motion and dismissed the case on April 10, 1985. On May 20, 1985, the Trustee filed an ex parte motion to set aside the dismissal, contending that he had not been served with the motion to dismiss.

On May 20, 1985, this court set aside the dismissal. On September 23, 1985, the Debtor again moved for a Motion to Dismiss the bankruptcy proceedings. A hearing was held on April 3, 1986, at which hearing, present were the Trustee, his attorney, and the attorney representing the plaintiffs in two related adversary proceedings. The court took the matter under advisement to allow the creditors time to file objections to the dismissal of the case and the related adversary proceedings, the trustee's final accounting, and the applications for compensation of the Trustee and his counsel. This Court dismissed the Motion to Dismiss by order filed May 30, 1986, because the creditors were not noticed as required by the court at the April 3, 1986 hearing. The dismissal was without prejudice.

Subsequently, on May 30, 1986, the Trustee filed a Certificate of Service stating that notice was given to all creditors, and on June 27, 1986, the Trustee filed affidavits stating that no objections to the dismissal were filed.

The court, being advised in the premises and having reviewed the files, now renders this memorandum decision and order.

The court first notes that in the Ex Parte Motion for Order Setting Aside Dismissal filed May 20, 1985, the Trustee stated, "I am in the process of collecting substantial claims entitled to the Bankruptcy Estate which would pay for the administrative expenses incurred by the Bankruptcy Estate as well as leaving a balance for distribution to the creditors of the estate.... I believe that it is in the best interest of the Bankruptcy Estate to set aside the Dismissal...."

In the Application for Approval of Agreement between Trustee and Debtor filed April 29, 1986, the Trustee states, "Prior to the Debtor's Motion to Dismiss Case, the Debtor and he agreed that, *in consideration for his forbearance of any opposition to the Motion to Dismiss, the Debtor would pay the Trustee* and his attorney all hourly charges and reimburse all expenses incurred in connection with the Chapter 7 case." (emphasis added).

In essence, the Trustee has reversed positions completely, provided that he is paid according to his hourly rate.

11 U.S.C. § 326 sets the limits on the trustee's compensation. As noted in *In re Thorogood,* 22 B.R. 725, 728, (Bkrtcy.E.D. N.Y.1982),

[t]he power to award reasonable compensation and reimbursement for expenses to a trustee and his attorney lies clearly with the judiciary and not the parties. 11 U.S.C. § 330(a). The Advisory Committee Notes to Rule 219 provide, "(t)he premise for including the allowance of compensation to officers, attorneys and accountants is that it is peculiarly a judicial responsibility to supervise the administration of estates and in particular to assure that allowances for compensation to those rendering services in connection therewith are fair but not excessive."

Reasonable compensation for a particular service to the debtor's estate is to be determined by the court acting in exercise of its sound discretion subject to statutory maximum ceilings. *See Texas Bank & Trust Co. v. Crippen*, 235 F.2d 472 (5th Cir.1956).

 The Trustee's duty and loyalty lie with the Estate, and not to any other party. Debtor moved to dismiss this case because the dispute between Debtor and his former wife was resolved, and the Debtor's assets and earning power enabled him to pay his creditors, and thus protection under the Bankruptcy Code was no longer required. If the Debtor's motion were in the best interest of the estate, as is apparent here, the Trustee should not oppose the motion. Likewise, if the motion is not in the best interest of the estate, the motion should be opposed. But in no event should the matter of compensation to the Trustee be considered in the decision to oppose or not to oppose the motion to dismiss. It should be noted that, where a case is voluntarily dismissed, a Trustee may obtain compensation in excess of the limits imposed by 11 U.S.C. § 326. See e.g. *In re Flying S. Land & Cattle Co., Inc.*, 23 B.R. 56 (Bkrtcy.Cal. 1982).

The Trustee is an officer of the court. As such, his responsibility is to promote and assist in the administration of the estate. At no time may the Trustee perform as a self-serving party to himself. A Trustee must be totally objective. *See e.g. In re Steele*, 26 B.R. 233 (Bkrtcy.W.D. Ky.1982). A Trustee is not authorized to contract with any party, including the debtor, for his compensation, and any such agreement is non-binding. *See Carter v. Woods*, 433 F.Supp. 291 (W.D.Mo.1977).

Here, the Trustee has blatantly violated this principal of objectivity. He has agreed not to oppose dismissal provided that the Debtor pay the Trustee his hourly rate. The Trustee has allowed self-interest to come before the interests of the estate. Such breach of the Trustee's fiduciary duty clearly warrants denial of compensation.

*See In re Thorogood*, 22 B.R. 725 (Bkrtcy. E.D.N.Y.1982).

IT IS HEREBY ORDERED that the Application for Approval of Agreement between Trustee and Debtor filed April 29, 1986 is denied in its entirety.

IT IS FURTHER ORDERED that compensation to Joseph Hu as Trustee is hereby denied.