| NAME | STATUS* | Beginning of Backpay Period | End of Backpay Period |
|------|---------|-----------------------------|-----------------------|
| C. Nigel Allison | J | 2/1/71 | 10/11/75 |
| Hippolito Bravo | A | 7/1/69 | |
| Raymond H. Brown | J | 7/1/69 | |
| Peter Cooper | A | 1/1/72 | |
| Leopoldo Garcia | A | 7/1/73 | |
| Reginald Jones | J | 10/1/68 | |
| Marshall Mason | A | 7/1/69 | |
| John McLean | J | 4/1/70 | |
| Gerard Moore | A | 7/1/73 | |
| Charles Moss | J | 8/31/65 | |
| Jose Muniz | A | 1/1/72 | |
| Arthur Myers | A | 1/1/69 | |
| Delmar Newby | A | 10/1/71 | |
| Herbert Noisette | A | 7/1/73 | |
| Calvin Norris | A | 7/1/73 | |
| Louis Pabon | A | 7/1/73 | |
| Robert L. Ramos | A | 7/1/73 | |
| William Rhoe | A | 8/1/71 | |
| Hector Santini | A | 1/1/72 | |
| William Saunders | J | 9/1/72 | |
| Jessie Watkins | J | 4/23/73 | |
| Richard White | A | 7/1/73 | |
| David Willis | A | 7/1/73 | |
| Henry Woods | J | 4/1/68 | |
| Harold Wright | A | 7/1/73 | 10/11/75 |

* "J" indicates journeyman status; "A" indicates apprentice status.

**Petition of ROSENMAN & COLIN for an Adjudication of its Rights in the Matter of**

**Julian SHERRIER, Plaintiff,**

v.

**Bernice RICHARD, Defendant.**

**No. 82 Civ. 3723 (RWS).**

United States District Court, S.D. New York.

Oct. 21, 1987.

### MEMORANDUM OPINION

SWEET, District Judge.

In submitting proposed judgments pursuant to an Opinion dated July 28, 1987, the parties raised an issue as to (1) the entry of a deficiency judgment in this action to enforce an attorney's charging lien in the

event that the lien is not fully satisfied from the property subject to the lien and (2) the law which should control that determination. For the reasons set forth below, no deficiency judgment will be entered.

Respondent Bernice Richard ("Mrs. Richard") contends that whether a deficiency judgment may be entered is governed by New York law, specifically Section 475 of New York's Judiciary Law, N.Y.Jud.Law § 475 (McKinney 1983), while petitioner Rosenman & Colin argues that the availability of a deficiency judgment in this proceeding is governed by federal law.

It should be noted at the outset that this is an equitable action to determine the amount of and enforce an attorney's charging lien. As the opinion dated January 12, 1987, which granted petitioner's motion to strike Richard's demand for a jury trial, stated, "the fact that this action was brought to enforce an attorney's lien makes this a different case." The January 12 opinion expressly established § 475 as the law of the case on the issue of an attorney's charging lien.

There are a number of decisions in this Circuit which apply § 475 to determine the extent and characteristics of an attorney's charging lien. *See, e.g., United States v. Bosurgi,* 750 F.2d 216, 219 (2d Cir.1984) ("Section 475 of New York's Judiciary Law defines the extent of [the petitioner's] entitlement [under an attorney's lien]"); *In re Shirley Duke Associates,* 611 F.2d 15 (2d Cir.1979); *First National Bank of Cincinnati v. Pepper,* 547 F.2d 708 (2d Cir.1976); *Marrero v. Christiano,* 575 F.Supp. 837 (S.D.N.Y.1983); *Marv Laxer Associates, Inc. v. Moredall Realty Corp.,* 533 F.Supp. 8 (S.D.N.Y.1981); *United States v. J.H.W. & Gitlitz Deli & Bar, Inc.,* 499 F.Supp. 1010 (S.D.N.Y.1980); *In re De Berry,* 59 B.R. 891 (Bankr.E.D.N.Y.1986); *In re Territo,* 35 B.R. 343 (Bankr.S.D.N.Y.1983); *In re E.C. Ernst, Inc.,* 4 B.R. 317 (Bankr.S.D.N.Y.1980). In *In re Shirley Duke,* 611 F.2d at 18, the Court held "[a] court is not empowered by section 475 of the New York Judiciary Law to enforce a charging lien upon any and all property owned by the attorney's client." On the contrary, "it is

upon the fund thus created [by the attorney's litigation efforts], either by judgment or settlement, that the lien is imposed." *Id.* These cases suggest that as a matter of New York law, petitioner's attorney's lien in the amount of $399,841.46 plus costs and interest attaches only to the property and monies awarded Richard as a result of petitioner's litigation efforts.

The cases cited by petitioner fail to carry the day. In *Pomerantz v. Schandler,* 704 F.2d 681 (2d Cir.1983) (*per curiam*), the issue was the extent of an attorney's right to retain possession under a retaining lien of certain papers that belonged to his client. For its conclusion that federal law governed, the *Pomerantz* court relied on a footnote in *National Equipment Rental Ltd. v. Mercury Typesetting Co.,* 323 F.2d 784, 786 n. 1 (2d Cir.1963). However, *National Equipment Rental* holds merely that it is within the ancillary powers of a federal court to condition the substitution of attorneys in litigation pending before it upon the client's either paying the attorney or posting security for the attorney's reasonable fees and disbursements. *Id.* at 786. Thus, neither *Pomerantz* nor *National Equipment Rental* suggest that federal law permits a district court to award a deficiency judgment in an action to enforce an attorney's charging lien arising under state law.

Petitioner also relies on *United States v. Merrick Sponsor Corp.,* 421 F.2d 1076 (2d Cir.1970), for its contention that federal law permits entry of a deficiency judgment in this proceeding. However, in that case the Court held that a New York statute providing that a deficiency judgment must be obtained, if at all, within ninety days after the date of consummation of a mortgage foreclosure sale did not apply to the United States in an action by the United States to foreclose a mortgage insured by and assigned to the Federal Housing Commission. *Cf.* 7 Moore's Federal Practice ¶ 69.04[3], at 69–24 & n. 18 (2d ed. 1986) (state law controls availability of deficiency judgment); 12 Wright & Miller, Federal Practice and Procedure § 3012, at 68 & n. 30 (1973) (same). The other cases cited by petitioner in which federal law has been

applied to deficiency judgments also have substantial federal elements beyond the fact that suit was brought in federal court. *See Walter E. Heller & Co. v. O/S SONNY V.*, 595 F.2d 968 (5th Cir.1979) (admiralty); *United States v. Wells*, 403 F.2d 596 (5th Cir.1968) (United State's foreclosure rights under Veterans Administration loan program); *United States v. Cotier*, 403 F.Supp. 397 (D.N.J.1975) (action to foreclose federal tax lien).

In sum, petitioner has offered no authority to contradict a long line of cases that apply New York law to restrict the coverage of an attorney's lien to the funds created through the attorney's litigation efforts on his client's behalf. Accordingly, a deficiency judgment against Mrs. Richard will not be entered at this time.

IT IS SO ORDERED.