**In re Coy H. CRISP, Thelma C. Crisp, Debtors.**

**and**

**In re YORK & SON, INC., Debtor.**

**Bankruptcy Nos. 5–82–00058, 5–79–00233.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 12, 1982.

---

Mark C. Whitlow, Paducah, Ky., for York & Son, Inc., debtor.

Donald S. Muir, Paducah, Ky., for Coy and Thelma Crisp, debtors.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter is before the Court on trustee's motions to reconsider the respective orders entered on October 12, 1982, denying to the trustee a statutory commission and expenses against fully secured assets which came into possession of the trustee during administration of the above-styled estates.

At issue is whether the trustee, while serving in her official capacity as such, may serve as the handmaiden of consenting secured creditors in the collection of their security and thereafter be entitled to statutory compensation for such services.

■ The primary role of the trustee is to administer the estate, turning over to the secured creditors by appropriate action the property to which they are entitled and in which there is no equity for the estate, and to marshal for the benefit of the general creditors the maximum funds available for distribution. It is only where the secured property has a potential equity for general creditors or to protect that secured property that the trustee should become involved therein. *In Re Steele,* 26 B.R. 233, Adversary Proceeding No. 5–82–0005, September 27, 1982, United States Bankruptcy Court for the Western District of Kentucky.

■ Secured creditors by consent and the trustee by acquiescence cannot impose upon the Court the duty to serve as a foreclosure or collection forum. Where secured creditors are of the opinion that the trustee is individually uniquely qualified to serve as their collection agent, such relationships should be established outside of bankruptcy administration and not under the official mantle of the trustee in bankruptcy. In the instant cases, the trustee's petitions for statutory commission seek to give official sanction to this form of accommodation.

Sections 326 and 506 of 11 U.S.C. govern and set forth the guidelines which must be reviewed by the Court in ruling on petitions by trustees for compensation and expenses. The legislative history of § 326(a) states in part:

"It must be emphasized that this section does not authorize compensation of trustees. This section simply fixes the maximum compensation of a trustee. Proposed 11 U.S.C. 330 authorizes and fixes the standard of compensation . . . It should be noted that the base on which the maximum fee is computed includes moneys turned over to secured creditors, to cover the situation where the trustee liquidates property subject to a lien and distributes the proceeds. It does not cover cases in which the trustee simply turns over the property to the secured creditor, nor where the trustee abandons the property and the secured creditor is permitted to foreclose. The provision is also subject to the rights of the secured creditor generally under proposed 11 U.S.[C.] 506, especially 506(c)." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 327 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 37–38 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6283.

Thus, where a trustee undertakes to collect and deliver fully encumbered property upon which there is no actual or constructive disbursement merely for the convenience of the consenting creditors, the guidelines set forth in *In Re Truitt,* 15 B.R. 169, 5 C.B.C.2d 532 (Bkrtcy.N.D.Ga.1981), will be followed. *Truitt, supra,* summarily disposes of this question with the statement: "The trustee is not entitled to collect his commission from secured property administered in bankruptcy." At 534, citing *Gugel v. New Orleans,* 239 F. 676 (5th Cir. 1917).

Passing now to the applications of the trustee for expenses connected with the arrangement, § 506(c) is applicable and states that, ". . . [t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

■ The applications in question by the trustee petitioned for the awarding of expenses in the sum of $64.60 and $32.40, respectively. No itemization was tendered nor has it been claimed that such expenses are reasonable, necessary, or required for the preservation of the fully secured property in question. This omission was clearly set forth in the order of October 12, 1982, as the ground for denial of the award of expenses. In the trustee's motions for reconsideration, filed October 15, 1982, the trustee cites 11 U.S.C. § 506(c) in support of her entitlement to these expenses. There is of record an affidavit in support of the claimed expenses, paragraph (4) of which reads as follows: "That the trustee has heretofore never been required in matters such as this to file an itemization of the expenses incurred but as the court has arbitrarily denied trustee her expenses herein for lack of itemization such itemization is available and will be furnished to the court to properly justify these expenses in the courts opinion for approval if the 'Motion to Reconsider' is granted." Nonetheless, as of this date, no itemization has been forthcoming to justify and support the award of these expenses.

Notwithstanding the trustee's allegation that the order of October 12, 1982, arbitrarily denied the expenses, it must be emphasized that this Court would be in gross error and remiss to "arbitrarily" approve the expenses petitioned for where, as here, the test clearly enunciated in § 506(c) has not been met.

For the above reasons and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the trustee's motions to reconsider be and the same are hereby overruled.

A copy of this order is mailed to Leandra Walker, trustee; to Mark C. Whitlow, counsel for York & Son, Inc.; to Edward L. Kawa, Jr., Small Business Administration; to J. Wade Baker, First Bank & Trust Company, Inc.; and to Donald S. Muir, counsel for Coy and Thelma Crisp.