**BROOKFIELD PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,**

v.

**Laverne BORRON and Floy Borron, d/b/a Borron Turkey Farm & Hatchery, Defendants-Appellants.**

**No. N83–2C.**

United States District Court,
E.D. Missouri, N.D.

Dec. 14, 1983.

Lloyd A. Palans, Clayton, Mo., for plaintiff-appellee.

Jerome Kaskowitz, Clayton, Mo., for defendants-appellants.

## MEMORANDUM AND ORDER

HARPER, District Judge.

Appellants, Laverne Borron and Floy Borron (hereafter referred to as debtors), appeal the decision of the Bankruptcy Court, affording appellee, Brookfield Production Credit Association (hereinafter referred to as plaintiff) relief from the automatic stay under the bankruptcy laws. The court based its decision to lift the automatic stay to permit plaintiff to foreclose upon its interest in property subject to its lien upon two findings. First, it found that debtors were not entitled to offset the costs and expenses of preserving plaintiff's collateral against any cash collateral in which the plaintiff had an interest; and, second, valuing the plaintiff's interest without deducting the amount debtors sought to offset, the court found that debtors failed to offer plaintiff adequate protection for that interest. In its Designation of Record on Appeal, plaintiff raises the additional issue of whether the Bankruptcy Court erred in declaring that the plaintiff did not have a security interest in the growing crops owned by the debtors.

This Court has jurisdiction in this case based on 28 U.S.C. § 1334. The standard of review that guides this Court in reviewing the factual findings of the Bankruptcy Court is whether such findings are clearly erroneous. Bankruptcy Rule 8013; *Solari Furs v. United States,* 436 F.2d 683 (8th Cir.1971). This Court sets aside the findings of the Bankruptcy Court only if firmly convinced that the court erred. *First National Bank of Clinton v. Julian,*

383 F.2d 329 (8th Cir.1967), and cases cited therein.

Debtors operate Borron Turkey Farm & Hatchery, and, to a lesser extent, raise crops and cattle. The debtors' last profitable year of business operation was 1978.

Since 1979, plaintiff provided the working capital necessary for operation of the farm. Between April and September, 1981, debtors executed and delivered to plaintiff three promissory notes, and further executed a security agreement that granted plaintiff an interest in all crops, turkeys, cattle, machinery and accounts receivable. On February 10, 1982, debtors defaulted on the amounts due and payable to plaintiff at that time.

During 1981 and 1982, the value of the collateral securing plaintiff's debt decreased, although the total debt owed did not decrease. Contrary to the terms of their financing agreement with plaintiff, debtors applied a portion of the proceeds of the collateral to satisfy the debts of other creditors during this period. Plaintiff also learned that some of the livestock included in the collateral was in fact owned by the debtors' son. Motivated by the foregoing, plaintiff instituted foreclosure proceedings against debtors in the Circuit Court of Sullivan County, Missouri. Subsequently, on August 5, 1982, debtors filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. At the time debtors filed their bankruptcy petition, they owed plaintiff $1,375,171.37. One effect of filing was to stay the pending state court proceedings. Plaintiff then filed a complaint with the Bankruptcy Court, seeking, in Count I, injunctive relief, and in Count II, relief from the automatic stay. It is the ruling of the Bankruptcy Court as to the latter that is before this Court on appeal.

Before reaching the two issues that debtors, as appellants, raise, it is necessary for the Court to rule on their motion to strike. The issue raised by the motion is whether this Court has jurisdiction, and if so, should exercise its jurisdiction to determine whether the Bankruptcy Court erred in declaring that plaintiff did not have a security interest in the growing crops owned by debtors. Debtors filed their notice of appeal and subsequently, as the bankruptcy rules require, their Designation of Record and Statement of Issues on Appeal. Plaintiff did not cross-appeal, but challenges, in its Designation of Record on Appeal, the Bankruptcy Court's declaration, favorable to debtors, as to plaintiff's interest in the growing crops.

Bankruptcy Rule 806 required the appellant to designate the contents of the record and the issues he intended to present on appeal, and further permitted the appellee to designate additional papers to be included in the record. Current Bankruptcy Rule 8006 imposes the same obligation on the appellant contained in Rule 806, and provides that "if the appellee has filed a cross-appeal," he may file a statement of the issues he intends to present on the cross-appeal. Both the language of the Rule and the case law governing cross-appeals support a construction which precludes plaintiff from raising the additional issue it designates without first filing a cross-appeal.

■ The general rule holds that an appellee must cross-appeal if he or she seeks to modify the judgment below. *U.S. v. American Railway Express Company,* 265 U.S. 425, 435–436, 44 S.Ct. 560, 563–564, 68 L.Ed. 1087 (1924); *Johnson v. United States Fire Insurance Company,* 586 F.2d 1291, 1294 (8th Cir.1978); *Joseph v. Norman's Health Club, Inc.,* 532 F.2d 86 (8th Cir.1976). Disagreement exists among the circuits as to whether the rule is a rule of practice which the reviewing court is free to ignore, or a jurisdictional prerequisite, which the court must follow. The majority view, and that held by the Eighth Circuit, is that the requirement is a rule of practice that the court need not follow under all circumstances. *Scott v. University of Delaware,* 601 F.2d 76 (3rd Cir.1979); *Hysell v. Iowa Public Service Company,* 559 F.2d 468 (8th Cir. 1977). *See* 15 C. WRIGHT, A. MILLER & E. COOPER [§ 3904], Federal Practice & Procedure [ ] (1976).

**448**

■ Courts holding that a cross-appeal is not a jurisdictional prerequisite nevertheless recognize it as the proper procedure. *See, e.g., Bryant v. Technical Research Company,* 654 F.2d 1337, 1341–1343 (9th Cir.1981). In *Chicago, Burlington & Quincy Railroad Company v. Ready Mixed Concrete Co.,* 487 F.2d 1263, 1268, n. 5 (8th Cir.1973), the Court expressed its unwillingness to permit an appellee who fails to cross-appeal to secure a favorable modification of a judgment on appeal. An appellee may secure a waiver of the usual rule of practice only "in the interest of justice where circumstances so require." *Hysell v. Iowa Public Service Company,* 559 F.2d 468, 476 (8th Cir.1977). In both *Hysell* and *Chicago, Burlington,* circumstances were sufficiently compelling to justify waiver. By contrast, the circumstances of the instant appeal do not support review. This case is not so unusual as to justify waiver of the proper procedure requiring appellee to file a cross-appeal. As plaintiff, appellee here, failed to do so, this Court declines to review the declaration that plaintiff's interest does not extend to the growing crops, and accordingly, grants appellants' motion to strike this additional issue.

The first substantive issue debtors raise on appeal is whether the Bankruptcy Court erred in denying their counterclaim seeking a declaration that debtors were entitled to an offset pursuant to 11 U.S.C. § 506(c). Section 506(c) authorizes recovery, from property securing an allowed secured claim, of reasonable and necessary costs of preserving such property, to the extent the secured creditor benefits thereby. Debtors' primary contention is that the expenses incurred in feeding the cattle and turkeys increased their value and thus the value of plaintiff's interest in the collateral. The court found that the costs expended were both necessary and reasonable. The disputed issue is the extent to which such costs benefited plaintiff, within the meaning of Section 506(c).

■ Section 506(c) narrowly confines recovery to the extent of any benefit to the secured creditor. To recover, the debtor-in-possession must expend the funds primarily to benefit the creditor, who must in fact directly benefit from the expenditure. *In re Sonoma V,* 24 B.R. 600 (Bkrtcy.App. 9th Cir.1982). Expenses undertaken to improve the position of the debtor-in-possession, although indirectly benefiting the creditor, are not recoverable. *In re Codesco, Inc.,* 18 B.R. 225 (Bkrtcy.S.D.N.Y.1982). Several courts require the debtor-in-possession or trustee to establish a quantifiable, rather than qualitative or speculative, benefit. See, e.g., *In re Flagstaff Foodservice Corporation,* 29 B.R. 215 (Bkrtcy.S.D.N.Y.1983). In sum, courts construing 506(c) appear to require the debtor-in-possession, who bears the burden of proving benefit, to show that absent the costs expended the property would yield less to the creditor than it does as a result of the expenditure, although the provision does not expressly impose such a requirement. *Dozoryst v. First Financial Savings and Loan of Downers Grove,* 21 B.R. 392 (D.C.N.D.Ill.1982).

■ In applying this interpretation of "benefit" to the instant case, the Bankruptcy Court balanced recovery against the debtor's independent duty of reasonable care regarding the property in his possession. *Ford Motor Credit Company v. Weaver,* 680 F.2d 451 (6th Cir.1982); *Matter of Halux,* 665 F.2d 213 (8th Cir.1981). *Cf. In re Codesco, Inc.,* 18 B.R. 225, 229–230 (Bkrtcy.S.D.N.Y.1982) ["§ 506(c) was not intended as a substitute for the recovery of administrative expenses that are appropriately the responsibility of the debtor's estate."]. The Bankruptcy Court concedes that according to the debtors' original schedules, the value of plaintiff's interest increased, yet notes that the record failed to support the debtors' original valuation. Further, debtors, rather than plaintiff, benefited where the debtors did not apply the proceeds from the livestock maintained to plaintiff's debt. The conclusion that these facts do not support a finding of benefit as Section 506(c) requires is not clearly erroneous.

Debtors did not prepare an accounting of all of the costs they seek to offset. While

debtors maintain that their main purpose at this stage was to obtain a declaration that such costs are recoverable, the Bankruptcy Court found the failure to itemize particularly important as another creditor asserts a security interest in part of the property plaintiff claims. See also, *In re Crisp and In re York & Son, Inc.,* 26 B.R. 274, 276 (W.D.Ky.1982), where denial of recovery under 506(c) resulted in part from the trustee's failure to itemize the expenses claimed.

■ In concluding that neither law nor equity supported recovery under 506(c), the Court observed that plaintiff may have suffered additional losses as a result of these proceedings. Although 506(c) refers only to benefit, courts applying the provision also consider whether the creditor caused or consented to the costs and expenses incurred. *In re Hotel Associates, Inc.,* 6 B.R. 108 (Bkrtcy.E.D.Pa.1980). The court in *In the Matter of Trim-X, Inc.,* 695 F.2d 296 (7th Cir.1982), which debtors cite as an example of a case holding the creditor liable, relied in part on the creditor's role in causing the expenses. It is particularly inappropriate to view the creditor as causing or consenting to costs and expenses where, as here, it moves to lift the automatic stay. 4 COLLIER ON BANKRUPTCY, § 506.6 (15th Ed.1983). Debtors' contention that plaintiff was unprepared to maintain the turkeys when it sought foreclosure, does not in itself establish that plaintiff benefited from debtors' efforts to do so. As noted, 506(c) requires more than speculation as to possible benefit (*Dozoryst v. First Financial Savings and Loan of Downers Grove,* 21 B.R. 392 (D.C.N.D.Ill.1982)), and debtors cannot meet their burden by means of a comparison between plaintiff's present position and losses plaintiff may have suffered if permitted to foreclose as it desired. *See, In re Codesco, Inc.,* 18 B.R. 225 (Bkrtcy.S.D.N.Y. 1982).

Debtors argue that the court's denial of recovery led it to overvalue plaintiff's collateral for which debtors must offer adequate protection. 11 U.S.C. § 362(b). Debtors further argue that the court, while finding the crops not subject to plaintiff's security interest, failed to consider the crops as an asset available to serve as additional security. The decision to grant relief from the automatic stay, the argument continues, was thus based on an erroneous conclusion that Debtors could not adequately protect plaintiff's secured claim.

■ As is true with regard to factual findings on the question of benefit, "the question of what protection is 'adequate' is a determination of fact for the Bankruptcy Judge that this Court will not disturb unless it is clearly erroneous." *Ford Motor Credit Company v. Jim Kelly Ford of Dundee, LTD.,* 14 B.R. 812 (D.C.N.D.Ill.1980.)

The Court concluded that debtors failed to demonstrate their ability to adequately protect plaintiff's interest after setting the value of that interest at $645,934.00. The parties presented their case to the court in two separate hearings, during which the court heard testimony from various witnesses, including debtors. The record contains sufficient evidence, in the form of witnesses' appraisals, to support the valuation of the court and its subsequent finding that debtors could not provide adequate protection to plaintiff.

This Court cannot say with respect to either the determination that the costs debtors seek to offset did not confer any actual benefit on plaintiff or the conclusion that debtors lacked the means to adequately protect plaintiff's interest, that the findings of the Bankruptcy Court are clearly erroneous. This Court, therefore, will not disturb its decision, based on these findings, to grant plaintiff relief from the automatic stay.

Accordingly, with respect to both aspects of the judgment appealed from, the judgment of the Bankruptcy Court is affirmed.