McMILLIAN, Circuit Judge.
Laverne and Floy Borron, d/b/a Borron Turkey Farm and Hatchery (debtors), appeal from a final judgment entered in the District Court[1] for the Eastern District of Missouri affirming the judgment of the bankruptcy court granting Brookfield Production Credit Association (creditor) relief from an automatic stay and finding that debtors were not entitled to the costs and expenses of preserving creditor’s collateral. For reversal debtors argue only that the district court erroneously upheld the bankruptcy court’s denial of its counterclaim under the Bankruptcy Code, 11 U.S.C. § 506(c), seeking recovery of the costs and expenses of preserving creditor’s collateral. For the reasons discussed below, we affirm.
The facts in this case are basically undisputed. Debtors primarily operate a turkey farm and hatchery; they also raise cattle and crops. Since 1979 creditor provided the necessary working capital for the operation of debtors’ farm because debtors’ business operations were no longer profitable. Pursuant to the agreements between the parties, debtors executed and delivered three promissory notes to creditor between April 1981 and September 1981. In addition, debtors executed a security agree *952 ment granting creditor a security interest in all crops, turkeys, cattle, machinery, and accounts receivable. These security interests were properly perfected.
During 1981 and 1982, the value of the secured collateral decreased without a corresponding decrease in the total debt owed. On February 10,1982, debtors defaulted on the amounts due to creditor at that time. Contrary to the terms of the financing agreement, debtors applied the proceeds of creditor’s collateral to satisfy debts of other creditors. Creditor also learned that some of their collateral (livestock) was actually owned by debtors’ son.
Creditor instituted foreclosure proceedings against debtors in the Circuit Court of Sullivan County, Missouri, in February 1982. On August 15, 1982, four days before the state court proceeding was scheduled for trial, debtors filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. At the time of the reorganization petition, debtors owed creditor $1,375,171.37. The pending state court foreclosure proceedings were stayed by the filing of the reorganization petition. Creditor filed a complaint with the bankruptcy court seeking, inter alia, relief from the automatic stay. The bankruptcy court considered the reasonable going-concern value of the collateral securing creditor’s debt, the amount of unsecured debts owed by debtors and the nature of the relationship between debtors and these unsecured creditors,[2] and the sparse evidence offered by debtors concerning their actual plan for reorganization. The bankruptcy court then concluded that the prognosis for successful reorganization was based upon pure conjecture, In re Borron, No. 82-00192(N) (Bkrtcy.E.D.Mo. Nov. 22, 1982) (order), and that debtors had failed to demonstrate the ability to adequately protect creditor’s interest in the collateral, and therefore granted creditor’s request for relief from the automatic stay. Finding that debtors failed to ascribe actual expenses to specific items of collateral, the bankruptcy court further denied debtors’ request for costs and expenses of preserving creditor’s collateral. Id.
After careful consideration of the bankruptcy court proceedings, the district court concluded that the bankruptcy court properly denied debtors’ counterclaim seeking a declaration that debtors were entitled to an offset pursuant to 11 U.S.C. § 506(c), which “authorized recovery, from property securing an allowed secured claim, of reasonable and necessary costs of preserving such property, to the extent the secured creditor benefits thereby.” Brookfield Production Credit Ass’n v. Borron, 36 B.R. 445 at 448 (E.D.Mo.1983).
Noting that it was undisputed that the costs expended were both necessary and reasonable, the district court was left to consider whether creditor benefited from such expenditures. Id. at 448. To justify its conclusion that creditor did not so benefit, the court stated:
[t]o recover, the debtor-in-possession must expend the funds primarily to benefit the creditor, who must in fact directly benefit from the expenditure. In re Sonoma V., 24 B.R. 600 ([Bkrtcy.App.Cal]., 9th Cir.1982). Expenses undertaken to improve the position of the debtor-in-possession, although indirectly benefiting the creditor, are not recoverable. In re Codesco, Inc., 18 B.R. 225 ([Bkrtcy]., S.D.N.Y.1982). Several courts require the debtor-in-possession or trustee to establish a quantifiable, rather than qualitative or speculative, benefit. See, e.g., In re Flagstaff Foodservice Corporation, 29 B.R. 215 ([Bkrtcy]., S.D.N.Y.1983). In sum, courts construing 506(c) appear to require the debtor-in-possession, who bears the burden of proving benefit, to show that absent the costs expended the property would yield less to the creditor than it does as a result of the expenditure, although the provision does not expressly impose such a re *953 quirement. Dozoryst v. First Financial Savings and Loan of Downers Grove, 21 B.R. 392 ([D.C]., N.D.Ill.1982).
In applying this interpretation of “benefit” to the instant case, the Bankruptcy Court balanced recovery against the debtor’s independent duty of reasonable care regarding the property in his possession. Ford Motor Credit Company v. Weaver, 680 F.2d 451 (6th Cir.1982); Matter of Halux, 665 F.2d 213 (8th Cir.1981). Cf. In re Codesco, Inc., 18 B.R. 225, 229-230 ([Bkrtcy.], S.D.N.Y.1982) [“§ 506(c) was not intended as a substitute for the recovery of administrative expenses that are appropriately the responsibility of the debtor’s estate.”]. The Bankruptcy Court concedes that according to the debtors’ original schedules, the value of plaintiff’s interest increased, yet notes that the record failed to support the debtors’ original valuation. Further, debtors, rather than plaintiff, benefited where the debtors did not apply the proceeds from the livestock maintained to plaintiff’s debt. The conclusion that these facts do not support a finding of benefit as Section 506(c) requires is not clearly erroneous.
Id. at 7-8.
We have reviewed the record and find no error of law or fact on the part of the district court. Accordingly, we affirm on the basis of the district court’s well-reasoned opinion. See 8th Cir.R. 14.

. The Honorable Roy W. Harper, United States Senior District Judge for the Eastern and Western Districts of Missouri.

. The bankruptcy court found that the unsecured creditors were insiders, relatives, affiliates, or other family businesses of debtors. See In re Borron, No. 82-00192(N) (Bkrtcy.E.D.Mo. Nov. 22, 1982) (order).