## In re NEAL PHARMACAL COMPANY, Debtor.

## UNITED STATES of America, Appellant,

v.

## NEAL PHARMACAL COMPANY, Appellee.

### No. 84–1044C(2).

United States District Court, E.D. Missouri.

Dec. 31, 1984.

Wesley D. Wedemeyer, St. Louis, Mo., Ludwig Adams, U.S. Dept. of Justice, Washington, D.C., Jim Kutten, St. Louis, Mo., for appellant.

Steven Goldstein, St. Louis, Mo., for appellee.

## MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court following an appeal by the United States of America from an order of the United States Bankruptcy Court confirming the Chapter 11 Reorganization Plan of the Debtor Neal Pharmacal Company.

11 U.S.C. § 1129, *inter alia*, allows a bankrupt debtor to pay the amount owed by him to a holder of a governmental priority tax claim in deferred cash payments provided that the payments are "of a value, as of the effective date of the plan, equal to the allowed amount of such claim." In order for the holder to receive the value of its claim as of the effective date of the plan ("present value"), the debtor is obligated to pay interest on the unpaid tax claim. *See Matter of Southern States Motor Inns, Inc.,* 709 F.2d 647, 650 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); 5 Collier on Bankruptcy ¶ 1129.03 at 1129–62 (1984). "The concept of present value does not define, and thus the Court must determine, based on the facts of a given case, the appropriate

'market rate' which will serve as the measuring standard by which the Court can determine whether deferred payments under the plan have a value as of the effective date of the plan equal to the allowed claim." 5 Collier on Bankruptcy ¶ 1129.03 at 1129-62.

■ The government maintains the Bankruptcy Court erred in its determination of the interest rate. The question of the appropriate interest to be paid is essentially factual because the particular circumstances of the case must be taken into consideration. The interest rate must be chosen to reflect the current economic times and as such the determination of the rate is very fact intensive. *In re Fisher,* 29 B.R. 542, 551 (D.Kansas 1983); 5 Collier on Bankruptcy ¶ 1129.03 at 1129-62 through 1129-65. This Court can only reverse the factual finding of the Bankruptcy Court if such finding is clearly erroneous. Bankruptcy Rule 8013. *Solari Furs v. United States,* 436 F.2d 683, 684 (8th Cir. 1971); *Brookfield Production Credit Ass'n. v. Borron,* 36 B.R. 445, 446 (E.D.Mo. 1983); *Matter of Financial Corp.,* 1 B.R. 522, 525 (W.D.Mo.1979).

■ The Bankruptcy Court found that the government would receive the present value of its tax claim if the debtor would pay a fluctuating rate of interest on the unpaid balance measured each calendar quarter by the effective rate being paid by 13 week treasury bills. After careful review of the entire record on appeal, this Court holds that this finding by the Bankruptcy Court was not clearly erroneous.

Accordingly,

IT IS HEREBY ORDERED that the order of the Bankruptcy Court be and is AFFIRMED.