**In re PIZZA OF HAWAII,
INC., Debtor(s).**

**Bankruptcy No. 80–00629.**

United States Bankruptcy Court,
D. Hawaii.

Nov. 28, 1986.

See also, 761 F.2d 1374.

James Duca, Honolulu, Hawaii, for debtor.

Michael Lorusso, Honolulu, Hawaii, for respondent.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR DETERMINATION OF PRIORITIES AND DISTRIBUTION OF PROCEEDS**

JON J. CHINEN, Bankruptcy Judge.

On October 10, 1986, Debtor filed a Motion for Determination of Priorities and Distribution of Proceeds, and an Amended Motion for Determination of Priorities and Distribution of Proceeds ("Motion") on October 17, 1986.

Round Table Franchise Corporation ("Round Table") filed a memorandum concerning the Motion on October 30, 1986, asserting that it was a secured creditor.

Hawaiian Flour Mills, Inc. ("Hawaiian") and the Debtor filed memoranda in response to Round Table on October 31, 1986.

A hearing was held on October 30, 1986, at which time the court took under advisement the matter of Round Table's status as a creditor, and the matter of the fees for the attorney for the creditor's committee. The court, being advised in the premises, now renders this memorandum decision and order.

■ Round Table claims that it is a secured creditor because it loaned Debtor $100,000.00 in order to provide capital to the Debtor to continue operating its business. Round Table contends that, in exchange for the loan, the Debtor gave it a security interest in all of the property of the Debtor.

Hawaiian and the Debtor respond by noting that the loan occurred post-petition, and that it was not authorized by the Court.

11 U.S.C. § 364(d)(1) provides that:

The court, *after notice and a hearing,* may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien *only if—*

(A) the trustee is unable to obtain such credit otherwise; and

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted. (emphasis added).

In this case, the court did not approve the loan. No hearing was held, and thus there could not have been any finding of adequate protection to Hawaiian, who is a holder of a secured interest in the same property allegedly covered by Round Table's security interest.

■ Round Table asserts that, if its loan is not a secured claim, it must then be a priority administrative claim. The answer is found in 11 U.S.C. § 364(c)(1) which provides:

If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, *after notice and a hearing,* may authorize the obtaining of credit or the incurring of debt—

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (emphasis added)

Since no hearing was held, Round Table cannot enjoy a priority administrative position with respect to its loan.

■ Finally, Round Table makes some reference to preserving the property of the Debtor. Although not specifically stated, the reference evidently is to 11 U.S.C. § 506(b) and (c) which provide:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

11 U.S.C. § 552(b) authorizes the use of the proceeds of collateral to pay administrative expenses "based on the equities of the case." However, in the instant case, the relation between the loan made by Round Table to Debtor and the generation of sales proceeds by Debtor is indirect. Compare *In re J. Catton Farms, Inc.,* 779 F.2d 1242, 1246 (7th Cir.1985); *United Virginia Bank v. Slab Fork Coal Co.,* 784 F.2d 1188, 1191 (4th Cir.1986).

Under Section 506(c), the burden is upon Round Table to persuade the court that its franchise fee, working capital loan and advertising fee directly protected or preserved the collateral in the "specific and limited sense" required for such an allowance. *In re Sonoma V,* 24 B.R. 600, 603

(Bkrtcy.9th Cir.1982). *See also Brookfield Production Credit Ass'n v. Borron,* 738 F.2d 951 (9th Cir.1984). However, the court finds that Round Table's furnishing of post-petition credit to the estate does not have a better claim than the claims of all other post-petition creditors, including post-petition trade payables ($37,565.60), post-petition commissions on vending machines ($15,601.38) and post-petition unpaid taxes ($13,000). Accordingly, Round Table's claim is an ordinary administrative claim, equivalent to all other administrative claimants under 11 U.S.C. § 503.

The court has reviewed the claim for attorney fees filed by the attorney for the creditors' committee, and finds the amount to be reasonable.

IT IS HEREBY ORDERED that Round Table claim shall be treated as an administrative claim pursuant to 11 U.S.C. § 503.

IT IS FURTHER ORDERED that attorney's fees for counsel for the creditors' committee be allowed in the amount of $1,081.60 as an administrative claim pursuant to 11 U.S.C. Section 503.

IT IS FURTHER ORDERED that the Debtor shall submit a list of all remaining unpaid administrative claims, along with a list of all assets held by the debtor, and a proposed order of distribution, on or before December 31, 1986. Any objection to the proposed order shall be filed not later than January 15, 1987. In the event an objection is filed, Debtor is ordered to comply with Bankruptcy Rule 7001(2).