923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BUSTOP SHELTERS OF LOUISVILLE, INC., Plaintiff-Appellant,
v.
CLASSIC HOMES, INC., Defendant-Appellee.
 No. 90-5576.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1991.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-appellant Bustop Shelters appeals an Order and Memorandum-Opinion by the district court affirming the bankruptcy court's refusal to quash garnishments served on behalf of defendant-appellee Classic Homes. This case presents two issues on appeal:
 
 
 2
 1. Whether the Sixth Circuit's prior decision in Bustop Shelter, Inc. et. al v. Classic Homes, Inc., No. 88-5464 (6th Cir. April 17, 1990), moots this appeal because the judgment on which Classic's garnishments rests was reversed and remanded as to damages?
 
 
 3
 2. Whether the district court properly affirmed the bankruptcy court's order allowing Classic Homes to garnish assets of Bustop's estate?
 
 
 4
 We conclude that the Sixth Circuit's prior ruling does not effect the validity of the garnishment and that the district court did not err in affirming the bankruptcy court's decision.
 
 I.
 
 5
 Bustop and Classic Homes ("Classic") entered a contract which required Classic to construct 400 bus shelters for Bustop over a ten-year period. Disagreements developed over the execution of the contract and, in November 1982, Bustop initiated a state court action against Classic and Classic subsequently filed a counterclaim. This state action was removed to bankruptcy court in 1984 when Classic filed a Chapter 11 petition. In April 1987, the bankruptcy court dismissed Bustop's complaint and granted Classic a judgment of $438,226.85, plus interest and costs, on their counterclaim. The district court affirmed this decision. Eventually the Sixth Circuit upheld the district court's affirmance in part but remanded for retrial on the issue of damages sustained by Classic under the construction and maintenance agreements. Bustop Shelters, Inc. v. Classic Homes, No. 88-5464 (6th Cir. April 17, 1990).
 
 
 6
 While Bustop was appealing the bankruptcy court's decision, Classic placed execution liens on Bustop's assets and garnishments on rents due to Bustop. On October 2, 1987, Bustop filed a Chapter 11 petition, thereby staying the enforcement of Classic's judgment. On October 13, the lower court approved the employment of the law firms of Morgan & Pottinger, and Nold, Miller, Mosely, Clare, Hubbard & Townes.
 
 
 7
 On December 22, 1987, in response to Classic's Motion for Relief from Automatic Stay, the bankruptcy court terminated the automatic stay, as it applied to Classic, which permitted the garnishments to continue. Bustop opposed this motion because the garnishments precluded them from paying estate creditors and administrative expenses, including the $40,000 in attorneys' fees approved by the bankruptcy court.
 
 
 8
 The district court affirmed the bankruptcy court's decision to allow Classic to garnish the assets of Bustop's estate.
 
 II.
 A. Standard of Review
 
 9
 In bankruptcy matters, findings of fact by the lower court are preserved unless clearly erroneous. Cle-Ware Indus., Inc. v. Sokolsky, 493 F.2d 863 (6th Cir.), cert. denied, 419 U.S. 829 (1974). Conclusions of law are subject to de novo review. In Re Caldwell, 851 F.2d 852, 857 (6th Cir.1988).
 
 
 10
 B. Whether the Sixth Circuit's Prior Decision Moots This Appeal
 
 
 11
 On April 17, 1990, the Sixth Circuit affirmed the decisions of the bankruptcy and district courts dismissing Bustop's complaint and finding Bustop liable on Classic's counterclaim. The Sixth Circuit also affirmed Classic's award of $14,118.10 on the cleaning contract. The court, however, reversed the district court as to damages and remanded for further proceedings on the maintenance and construction contracts. Bustop contends that because the Sixth Circuit vacated part of the judgment, Classic's garnishments are rendered moot because no final judgment exists on which to issue the garnishments and no sum certain exists for a garnishment to enforce. Classic, on the other hand, argues that because liability has been determined and damages on the cleaning contract have been affirmed, the judgment is final and the garnishments are enforceable.
 
 
 12
 We agree with Classic that, despite the Sixth Circuit's ruling, a valid judgment remains. The Sixth Circuit affirmed the damage amount on the cleaning contract so a final judgment clearly exists as to that matter. Moreover, the Sixth Circuit, although remanding for further proceedings on damages, did affirm on the issue of Bustop's liability to Classic. Where damages are unsettled but liability determined, a final judgment exists. As the Seventh Circuit explained:
 
 
 13
 "Finality" in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again. We meant our previous ruling to be final on the hotly contested issue of liability under Glidden's contract with its employees, the Supreme Court affirmed this, and we have now affirmed it again. The mere fact that the damages of the Zdanok plaintiffs have not yet been assessed should not deprive the ruling of any effect as collateral estoppel it would otherwise have....
 
 
 14
 Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944, 953 (7th Cir.), cert. denied, 377 U.S. 934 (1964). Although Zdanok dealt with collateral estoppel and not the enforcement of garnishments, the argument that a final judgment of liability is a final judgment still applies in this case.
 
 
 15
 C. Whether the District Court Properly Affirmed the
 
 
 16
 Bankruptcy court's Refusal to Quash the Garnishment
 
 
 17
 Bustop also disagrees with the district court's refusal to quash the garnishments because their issuance will prevent Bustop from paying its administrative expenses, including attorneys' fees. Classic agrees with the lower court's decision because administrative expenses should only take priority over secured creditors' demands when the administrative expenditures benefit the creditors; Classic does not believe that Bustop proved the attorneys' work benefited them as required by the Bankruptcy Code.
 
 
 18
 Classic is a secured creditor because they obtained a final judgment lien antedating the filing of Bustop's petition in bankruptcy. Butzel v. Webster Apartments Co., 112 F.2d 362, 365 (6th Cir.1940); In re Butz, 1 Bankr. 435, 437 (Bankr.E.D.Pa.1979). For secured creditors, section 506(c) provides super priority status. According to section 506(c), "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. Sec. 506(c). Entitlement to this super priority status under section 506(c) requires: (1) reasonable and necessary expenses, (2) incurred for the purposes of preserving or disposing of the secured property, and (3) recovery limited to the extent that the expenditures benefit the holder of the secured claim. In re AFCO Enterprises, Inc., 35 Bankr. 512, 514 (Bankr.D.Utah 1983). Benefit to the secured creditor is a factual question whose review is subject to clear error analysis. In re Annett Ford, Inc., 62 Bankr. 65, 69 (Bankr.D.Neb.1985), rev'd in part by 64 Bankr. 946 (Bankr.D.Neb.1986).
 
 
 19
 Courts have held attorneys' fees recoverable under section 506(c). In Annett Ford, the court allowed recovery of attorneys' fees because all of the parties had agreed that the continued operation of the business would be beneficial to all involved and that the attorneys' work contributed to the continued operation. Annett Ford, 62 Bankr. 65. In AFCO Enterprises, the court authorized payment of attorneys' fees where continuing to operate the resort increased the value of the collateral and benefited the secured creditor by keeping the good will of the business intact and preserving options for the subsequent owner. The court also made a specific factual finding that the attorneys' work contributed to the continued operation of the resort. AFCO Enterprises, 35 Bankr. 512. These holdings, although allowing the recovery of attorneys' fees, did not create a per se rule that attorneys' fees are always recoverable under section 506(c). Each court decided the matter on the specific facts of the case before it.
 
 
 20
 Based on other factual circumstances, courts have also denied recovery of attorneys' fees under section 506(c). In In re Roamer Linen Supply, Inc., the court refused to authorize the recovery of attorneys' fees when the debtor failed to show that the sale negotiated by the attorneys directly benefited the secured creditors. In re Roamer Linen Supply, Inc., 30 Bankr. 932 (Bankr.S.D.N.Y.1983). Moreover, even if the secured creditors, Bank Leumi and the IRS, benefited in some way from the sale, the court refused to subordinate their claims to all of the administrative expenses because:
 
 
 21
 Any such benefit ... was incidental to the primary objective, namely to maximize the estate in order to minimize the personal liability of the debtors' principal and to satisfy unsecured creditors ... It defies credulity to try to have this court believe that the debtors and their attorneys labored to negotiate a liquidation on a going concern basis, while using Bank Leumi's cash collateral, so as to enhance primarily the collateral of Bank Leumi and the IRS. Any indirect benefit that Bank Leumi and the IRS might ultimately receive as a result of the extended payout arrangement is too undefined to support the application of Code Sec. 506(c)....
 
 
 22
 Id. at 936-37. Indirect benefit will not suffice when the primary benefit runs to the debtor. Brookfield Production and Credit Ass'n v. Borron, 738 F.2d 951, 953 (8th Cir.1984).
 
 
 23
 In the present case, Bustop has not offered any indication of how Classic directly benefited the attorneys' work except to say that their work contributed to the continued operation of the business. Without further information about how Classic benefited from keeping the operation running and how the lawyers contributed to the operation, the district court did not clearly err in affirming the bankruptcy court's factual finding.
 
 III.
 
 24
 Because the Sixth Circuit's prior decision was a final judgment as to liability and damages, we find that it did not invalidate this appeal. We also find that Classic Homes, as a secured creditor, was entitled to garnish Bustop's assets as Bustop's administrative expenses did not benefit them or the security property. Consequently, we AFFIRM the district court's order refusing to quash the garnishments.
 
 
 25
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 26
 I agree that this court's prior ruling does not affect the validity of the garnishments. I agree also that the propriety of the decision not to quash the garnishments turns on whether the attorneys fees in question were reasonable and necessary, whether they were incurred for the purpose of preserving or disposing of the secured property, and whether the holder of the secured claims benefited from the attorneys' services. As far as I have been able to ascertain, the bankruptcy court made no findings on these factual questions one way or the other. I would therefore remand the case to let the bankruptcy court make proper findings of fact.